NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 12-1005
_____


RAFAEL FRANCISCO MATOS FAMILIA,
                                          *Petitioner*
v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(No. A018-695-089)
Immigration Judge: Honorable Margaret R. Reichenberg
_____

Submitted Under Third Circuit LAR 34.1(a)
December 18, 2012

Before: MCKEE, Chief Judge, SLOVITER, and VANASKIE, Circuit Judges

(Filed: December 20, 2012)

_____

OPINION
_____

1

SLOVITER, Circuit Judge.

Rafael Francisco Matos Familia ("Petitioner") petitions for review of a Board of Immigration Appeals ("BIA") order finding him ineligible for cancellation of removal. The Government has moved to dismiss the petition for lack of jurisdiction. For the reasons that follow, we deny the Government's motion, and deny Familia's petition on the merits.

I.

Petitioner, a native and citizen of the Dominican Republic, became a lawful permanent resident of the United States in 1970. In 2001, the United States District Court for the Southern District of New York sentenced him to three years of probation following his guilty plea to conspiracy to commit mail fraud in violation of 18 U.S.C. § 371.[1] This conviction stemmed from Petitioner's role in a scheme in which some New York City Department of Environmental Protection ("DEP") employees were paid to reduce water bills mailed to certain DEP customers.

In July 2010, the Department of Homeland Security ("DHS") initiated removal proceedings against Petitioner, charging him with being removable as an alien convicted of a crime involving moral turpitude, and as an alien convicted of a controlled substance offense.[2] *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(I) and (II). Petitioner conceded his

---

[1] Section 371 covers conspiracies to commit offenses against, or to defraud, the United States.

[2] In 1994, Petitioner pled guilty in New York state court to possession of a controlled substance.

2

removability and applied for cancellation of removal. Following testimony on the merits of his application before the immigration judge ("IJ"), DHS moved to admit into evidence the presentence report from his federal criminal case. Petitioner objected on timeliness grounds. The IJ overruled the objection and admitted the report; she also gave Petitioner an opportunity to submit additional evidence of his own.[3]

In June 2011, the IJ issued a written decision denying Petitioner's application and ordering his removal from the United States. The IJ concluded that Petitioner was ineligible for cancellation of removal because his § 371 conviction involved fraud and a loss to the victim that exceeded $10,000, and therefore qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i) ("the fraud ground"). In finding that the loss to the victim exceeded $10,000, the IJ relied on the presentence report, which had calculated the loss to the DEP attributable to Petitioner to be approximately $28,839.

Petitioner appealed the IJ's decision to the BIA, raising the following arguments: (1) the record did not establish that the loss to the victim exceeded $10,000 and (2) the IJ wrongly applied the aggravated felony fraud ground alone, rather than considering that his § 371 conviction constituted a "hybrid" fraud-theft offense under *Nugent v. Ashcroft*, 367 F.3d 162 (3d Cir. 2004). The BIA rejected both of these arguments on the merits and dismissed the appeal.

Petitioner now seeks review of the BIA's decision. The Government has moved to dismiss his petition for review for lack of jurisdiction.

---

[3] Petitioner subsequently submitted two witness statements.

## II.

Although we generally lack jurisdiction to review a final order of removal issued against a petitioner who has been convicted of a crime of moral turpitude or a controlled substance offense, *see* 8 U.S.C. § 1252(a)(2)(C), we nonetheless retain jurisdiction to review any colorable constitutional or legal questions raised in his petition for review. *See* 8 U.S.C. § 1252(a)(2)(D); *Cruz v. Att'y Gen.*, 452 F.3d 240, 246-47 (3d Cir. 2006). A claim is colorable if it is not "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous." *Pareja v. Att'y Gen.*, 615 F.3d 180, 186 (3d Cir. 2010) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006)). In this case, Petitioner reiterates the two arguments he presented to the BIA in support of his claim that the agency erred in deeming his federal conviction to be an aggravated felony. The Government does not dispute that these arguments present legal questions. Because we do not believe that they were made solely for the purpose of obtaining jurisdiction or are wholly insubstantial and frivolous, we deny the Government's motion and exercise jurisdiction over the petition for review.[4]

## III.

An alien applying for cancellation of removal bears the burden of showing that he satisfies the eligibility requirements. 8 U.S.C. § 1229a(c)(4)(A)(i). "If the evidence indicates that one or more of the grounds for mandatory denial of the application for

---

[4] We exercise plenary review over Petitioner's claim that his federal conviction does not constitute an aggravated felony. *See Thomas v. Att'y Gen.*, 625 F.3d 134, 141 (3d Cir. 2010).

relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." 8 C.F.R. § 1240.8(d). Petitioner thus bore the burden of demonstrating that his §371 conviction was not an aggravated felony. *See* 8 U.S.C. §1229b(a)(3).[5]

We first address Petitioner's claim that his §371 conviction does not constitute a fraud aggravated felony because the loss to the victim was under $10,000. In evaluating the evidence of loss for purposes of § 1101(a)(43)(M)(i), "we must use a circumstance-specific approach . . . wherein the loss must be tethered to the actual offense of conviction, not acquitted or dismissed counts or general conduct." *Singh v. Att'y Gen.*, 677 F.3d 503, 508 (3d Cir. 2012) (internal citations and quotation marks omitted). Petitioner argues that the $28,839 loss figure that the IJ and BIA relied on "is not clearly tethered to the conduct to which [he] pleaded guilty," but rather "relates to other 'general conduct." Pet'r's Br. at 16 (quoting *Alaka v. Att'y Gen.*, 456 F.3d 88, 108 (3d Cir. 2006)). We disagree.

The Information issued against Petitioner alleged that from 1996 to 1998 he conspired with others "to devise a scheme . . . to defraud the City and DEP of money due and owing for water charges and assessments on properties located in New York City." App. at 29. It alleged that four overt acts, "among others," were committed in

---

[5] Petitioner suggests that he did not bear the burden because, "[a]s of the date of the merits hearing . . . , the evidence of record clearly did not indicate that any mandatory bar applied to [his] application for relief." Pet'r's Br. at 13. Given that the IJ subsequently admitted the presentence report and that Petitioner does not argue on appeal that this was error, the state of the evidence at the merits hearing is of no moment.

furtherance of the conspiracy; they related to the fraudulent reduction of charges on one water bill account belonging to "C.L." and another belonging to "F.G."[6] App. at 29. Petitioner's presentence report added that these reductions cost the City $4,248. In calculating the total loss attributable to Petitioner, however, the presentence report included reductions to two additional accounts maintained by F.G., as well as a further reduction to C.L.'s account. The report concluded that "[t]he amount of actual loss to the DEP, which has been attributed to [Petitioner], is approximately $28,839." App. at 49.

Petitioner argues that only the loss from the two accounts referenced in the Information is tethered to his offense of conviction, but he is incorrect. Petitioner pled guilty to participating in a conspiracy. The Information did not limit the conspiracy to the particular overt acts it alleged. *Cf. Doe v. Att'y Gen.*, 659 F.3d 266, 276 ("[The Defendant] did not plead guilty to a single discrete act of accepting a $6,447 transfer. He admitted to aiding and abetting the entire scheme."). The reductions totaling $28,839 fell within the timeframe and scope of the scheme to defraud the DEP. Petitioner did not object to the findings of fact in the presentence report, and the sentencing judge adopted them. In light of Petitioner's failure to contest the financial figures in the report, he did not bear his burden of showing that the loss attributable to his participation in the

---

[6] Although the presentence report provided the full names of these two individuals, we refer to them by their initials only.

6

conspiracy was less than $10,000.[7] The BIA property found Petitioner's §371 connection

to be a fraud aggravated felony.

We now turn to Petitioner's second argument. Petitioner contends that his § 371

conviction is not an aggravated felony because it qualifies as a "hybrid" fraud-theft

offense under *Nugent v. Ashcroft*, 367 F.3d 162 (3d Cir. 2004), but does not, as *Nugent*

requires, satisfy the criteria for *both* the fraud and theft aggravated felony grounds. *See*

*id.* at 179. In particular, Petitioner's conviction does not meet the one-year sentence

requirement for the aggravated felony of theft. *See* 8 U.S.C. § 1101(a)(43)(G).

Petitioner's argument fails, however, because § 371 conspiracy to commit mail fraud

does not constitute a theft offense, and so is not a fraud-theft "hybrid."

To determine whether a conviction constitutes a "theft offense" under §

1101(a)(43)(G), we employ the categorical approach: "[W]e look to the offense of

conviction, not to the particular facts of the underlying criminal conduct." *Ilchuk v. Att'y*

*Gen.*, 434 F.3d 618, 622 n.2 (3d Cir. 2006). An offense qualities as a "theft offense" if it

requires "a taking of property or an exercise of control over property without consent."

*Bobb v. Att'y Gen.*, 458 F.3d 213, 224 (3d Cir. 2006) (citing *Nugent*, 367 F.3d at 174).

The elements of conspiracy to commit mail fraud are "(1) an agreement to commit [§

1341 mail fraud]; (2) the defendants intentionally joining in the agreement; (3) one of the

conspirators committing an overt act; and (4) an overt act in furtherance of the

---

[7] Petitioner argues that the absence of a restitution order undermines a finding of loss over $10,000. A restitution order "may be helpful to the loss inquiry, but is not definitive." *Singh*, 677 F.3d at 515 (quotation omitted). Because the District Court declined to order restitution simply because it had already been paid by others, we do not regard its decision to be determinative of the actual loss.

conspiracy." *United States v. Rigas*, 605 F.3d 194, 206 n.9 (3d Cir. 2010) (en banc).

Because these elements do not require proof of any taking, conspiracy to commit mail

fraud does not meet the definition of a "theft offense."[8]  Accordingly, Petitioner's § 371

conviction cannot be treated as a fraud-theft hybrid under *Nugent*.  It is therefore

irrelevant that he received a sentence of less than one year of imprisonment.[9]

   In light of the above, the BIA did not err in upholding the IJ's determination that

Petitioner's § 371 conviction constituted a fraud aggravated felony.  We will accordingly

deny the petition for review.

---

[8] Petitioner's actual conduct is irrelevant to the categorical inquiry.  We depart from the categorical approach and employ the modified categorical approach only "[w]here a statute of conviction contains disjunctive elements, some of which are sufficient for conviction of the federal offense and others of which are not." *Jean-Louis v. Att'y Gen.*, 582 F.3d 462, 466 (3d Cir. 2009).  As none of the elements of §371 conspiracy to commit mail fraud are sufficient to constitute a "theft offense," we cannot depart from the categorical approach here.

[9] The BIA incorrectly analyzed whether the substantive offense of § 1341 mail fraud is a theft offense, rather than Petitioner's actual offense of conviction (§ 371 conspiracy to commit mail fraud).  The BIA's analysis is nonetheless relevant, because if mail fraud is a theft offense, Petitioner's conviction is arguably a hybrid of fraud and theft-conspiracy. *See* 8 U.S.C. § 1101(a)(43)(U) (including attempts and conspiracies among aggravated felony grounds).  We agree with the BIA, however, that mail fraud is not a theft offense either, because it does not require a taking without consent. *See United States v. Pharis*, 298 F.3d 228, 233-34 (3d Cir. 2002) (elements of § 1341 mail fraud are "(1) a scheme to defraud; (2) use of the mails to further that scheme; and (3) fraudulent intent"). *Cf. Martinez v. Mukasey*, 519 F.3d 532 (5th Cir. 2008) (holding that bank fraud under 18 U.S.C. § 1344 is not "theft offense" because "neither of the two prongs of § 1344, by its terms, requires property being obtained without . . . consent").